IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

<u>NORTHEASTERN DIVISION</u>

FILED
JUN 26 2014
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) 5:14-CR-117-LSC-SGC |
| | ) |
| PATRICIA ALLANA AYERS | ) |

**PLEA AGREEMENT**

The Government and defendant hereby acknowledge the following plea agreement in this case:

**PLEA**

The defendant agrees to (i) plead guilty to **Counts 1, 3, 5, 7, 9, 11, 13, 15, 17, 19, 21, 23, 25, 27, 29, 31, 33, 35, 37, 39, 41, 43, 45, 47, 49, 51, 53, 55, 57, 59, 61, 63, 65, 67, 69, 71, 73, 75, 77, 79, 81, 83, 85, 87, 89, 91, 93, 95, 97, 99, 101, 103 and 105** of the Indictment filed in the above numbered and captioned matter; (ii) pay restitution as recommended by the Government and (iii) consent to an order of forfeiture. In exchange, the United States Attorney, acting on behalf of the Government and through the undersigned Assistant United States Attorney, agrees to dismiss the remaining counts as to this defendant only and recommend

Defendant's Initials P.A.A.

the disposition specified below, subject to the conditions in paragraphs **VII** and **VIII**.

## TERMS OF THE AGREEMENT

### I. MAXIMUM PUNISHMENT

The defendant understands that the maximum statutory punishment that may be imposed for the crime of Production of Child Pornography, in violation of Title 18, United States Code, Section 2251 (a), as charged in Counts 1, 3, 5, 7, 9, 11, 13, 15, 17, 19, 21, 23, 25, 27, 29, 31, 33, 35, 37, 39, 41, 43, 45, 47, 49, 51, 53, 55, 57, 59, 61, 63, 65, 67, 69, 71, 73, 75, 77, 79, 81, 83, 85, 87, 89, 91, 93, 95, 97, 99, 101, 103 and 105, is:

    a.    Imprisonment for not less than 15 years and up to 30 years for each count;

    b.    A fine of not more than $250,000, or;

    c.    Both (a and b);

    d.    Supervised release of not less than 5 years and up to life; and

    e.    Special Assessment Fee of $100 per count.

### II. FACTUAL BASIS FOR PLEA

The Government is prepared to prove, at a minimum, the following facts at

Defendant's Initials P.A.A.

the trial of this case:

12/01/2012   Sean Patrick Fannon and Carinn Seabolt arranged a meeting with Patricia and Matthew Ayers after Fannon spoke with Patricia Ayers on www.okcupid.com. All four visited in the Ayers's residence where Fannon and Seabolt were introduced to the children living in the home, to include the victim. The children were put to bed and the four adults went to the Ayers's bedroom and engaged in intimate activity.

12/08/2012   The Ayers family visited Fannon and Seabolt at their residence in Toney, Alabama. Fannon described the visit as a meet and greet. Patricia Ayers attempted to provide Fannon with some intimate pictures of herself and Matthew Ayers with a thumb drive, but the thumb drive did not function. Ayers promised to bring her computer the next time the couples got together.

12/14/2012   The Ayers's family was invited to spend the weekend with Fannon and Seabolt at their residence. During the visit, Fannon provided digital files of pictures of he and Seabolt to Patricia Ayers, who in turn provided digital images to Fannon of what she said were images of her and Matthew Ayers. Fannon believed that they were exchanging images of adults engaged in intimate behavior. The exchange of files occurred over Fannon's wireless system.

12/22/2012   Fannon was in Chatanooga, Tennessee, when he first opened the files provided to him by Patricia Ayers. While viewing the pictures he saw pornographic images of the victim and immediately closed the files and contacted Seabolt to explain what he had seen. During the conversation both agreed that Fannon should immediately contact law enforcement in order to ensure the safety of the children living in the Ayers residence. Fannon attempted contact with the Lauderdale County Sheriff's Department and the Lauderdale County Department of Human Resources, but was referred to the Madison County Sheriff's Department.

Defendant's Initials P.A.A.

| | |
|---|---|
| 12/24/2012 | Upon his return from Tennessee, Fannon met with Madison County Deputy Koch and advised the deputy of the above. Fannon turned over his computer and signed a consent to search form for his computer. Deputy Koch confirmed the child pornography and contacted Sergeant Shaw, also of the Madison County Sheriff's Office. |
| 12/28/2012 | Sgt. Shaw and ABI Forensic Agent Joey Hughes reviewed Fannon's computer and retrieved five images of child pornography. |
| 01/02/2013 | Sgt. Shaw made contact with Inv. Richard Richey of the Lauderdale County Sheriff's Office to explain the situation. |
| 01/03/2013 | Inv. Richey served a search warrant at the Ayers's residence, located at 1801 County Road 298 in Florence, Alabama. Computers, cell phones, cameras and electronic storage media devices were seized. Both Ayers were present. Patricia Ayers was transported back to the Sheriff's Department where, after waiving <u>Miranda</u>, admitted to taking the images of the victim. She claimed that the images were taken for the purpose of documenting a rash. Patricia Ayers was subsequently arrested. |
| 01/08/2013 | The assistance of the FBI was requested by local authorities. |
| 01/10/2013 | ABI Forensic Agent Ken Rager, during a review of the computer items, located images depicting the victim and Matthew Ayers engaged in sexual acts. Matthew Ayers was subsequently arrested. |
| 01/11/2013 | Another local search warrant was served at the Ayers residence to locate and document items seen in identified images of child pornography suspected of being produced in the Ayers residence. |
| 01/12/2013 | An address previously occupied by the Ayers at 21856 County Road 8 in Florence, Alabama, was located and the present |

Defendant's Initials _P A.A._

|            |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                       |
|------------|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            | owners consented to law enforcement documentation of wallpaper in the residence. This wallpaper was seen in some of the identified images of child pornography.                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                       |
| 02/07/2013 | All electronic/computer evidence seized during the search warrants was turned over to the FBI for review.                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                             |
| 02/27/2013 | A federal defendant named Charles Smolens was interviewed regarding a separate and seemingly unrelated child pornography case in Dallas, Texas, by SA Chris Thompson of the FBI. Smolens admitted to receiving and possessing images of child pornography and claimed that those images were sent to him by Patricia Ayers over his Yahoo e-mail account. SA Thompson linked to the open Birmingham case targeting Patricia Ayers and contacted SA Pat Stokes, who was investigating the Ayers in Alabama. It was discovered that the cases were connected. During an interview, Smolens described an ongoing online relationship with Patricia Ayers beginning in 2009 and ending in 2011. During that period, Ayers sent numerous pornographic images of the child victim to him via e-mail. The images contained depictions of the victim in lewd and lascivious poses, and of the victim and both Patricia and Matthew Ayers engaged in sexual acts together. Smolens denied ever meeting the child victim. Smolens did advise that Ayers flew to Texas and that he and Ayers had sex. A review of the email exchanges between Smolens and Ayers revealed that Ayers intended to take the child victim with her on her next trip to Texas so that Smolens could have sexual contact with the child. |
| 08/05/2013 | Auburn Shukla, a court appointed special advocate for the family court, interviewed Patricia Ayers regarding the victim. During the interviews, Patricia Ayers advised that all pictures of the victim and sexual activity with the victim were done at the request of a man in Texas. Ayers told Shukla that she had specific rules regarding sexual activity between her, Matthew and the victim. The rules were no penetration and that everything was with the consent of the victim. (The images are not consistent with these "rules.")                                                                                                                                                                                                                                                                                                         |

Defendant's Initials P.A.A.

08/12/2013   Alyssa Farris, Gateway Family Specialist, spoke with the victim who advised that Matthew had touched her privates and that her mother was present when it occurred. The victim also told Farris that she had asked Matthew to stop, but he did not stop and her mother, who was present, did not make Matthew stop.

08/22/2013   Received a certified certificate of birth for the victim showing a date of birth of 10/29/2004.

04/07/2013   It was determined that all of the images were made with either Patricia Ayers's cellular telephone or with a camera found at the home. Neither the phone nor the camera were manufactured in the United States. All of the images were produced in the Northern District of Alabama in Lauderdale County.

**The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence. The defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the defendant and/or any co-conspirators may have committed.**

*Patricia Allana Ayers*
PATRICIA ALLANA AYERS

## III. RECOMMENDED SENTENCE

Subject to the limitations in paragraph **VIII** regarding subsequent conduct and pursuant to Rule 11(c)(1)(B), Fed.R.Crim.P., the government will recommend

Defendant's Initials *P.A.A.*

the following disposition:

(a) The government will recommend a two (2) level reduction in the defendant's adjusted offense level, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. The government agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one (1) level decrease in recognition of the defendant's prompt acceptance of personal responsibility for the defendant's conduct.  The government may oppose *any* adjustment for acceptance of responsibility if the defendant (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about the defendant's involvement in the offense; (iv) is untruthful with the Court, the government, or the United States Probation Officer; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (vii) attempts to withdraw the plea of guilty for any reason other than those expressly enumerated in the Limited Waiver of Right to Appeal and Post-Conviction Relief section of this plea agreement;

(b) The government will recommend that the defendant be remanded to

Defendant's Initials P.A.A.

the custody of the Bureau of Prisons and incarcerated for a term within the advisory United States Sentencing Guideline range as that is determined by the Court on the date that the sentence is pronounced, and after both parties have had full right of allocution.

(c) The government will recommend, that following the recommended term of imprisonment, the defendant be placed on supervised release for a period up to Life, subject to the standard conditions of supervised release as set forth in U.S.S.G § 5D1.3, and to the following special condition(s):

    i. That the defendant be required to register as a sex offender for the full term of the defendant's supervised release, or for the full term provided for under the law of the jurisdiction the defendant chooses as the defendant's domicile, whichever is longer.

    ii. That the defendant not have contact with any child under the age of 18, without the presence of an adult and approved in advance by the Probation Officer; this includes prohibiting the defendant from having any contact with any child by telephone or the internet. The defendant shall immediately report any

Defendant's Initials P.A.A.

        unauthorized contact with minor-aged children to the Probation Officer;

iii.    That the defendant complete a sex offender evaluation, which may include periodic psychological, physiological, polygraph, and plethysmography testing at the direction of the Probation Officer;

iv.    That the defendant participate and successfully complete an approved state-certified sex offender treatment program, including compliance with all lifestyle restrictions and treatment requirements of the program. The defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider. The defendant shall contribute to the cost of treatment according to the defendant's ability to pay.

v.    That the defendant shall initially register with the state sex offender registration agency in Alabama according to Alabama state law, and shall also register with the state sex offender registration agency according to the law of any state in which the defendant resides, is employed, or is attending school. The

Defendant's Initials P.A.A.

        defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update her registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment; and

vi.    That the defendant be prohibited from using any computer, or any other device, with internet access, unless approved in advance by the Probation Officer, or required for employment. If approved by the Probation Officer, or required for employment, the defendant must allow the Probation Officer or designee to conduct random inspections, including retrieval and copying of data from any computer, and any personal computing device that the defendant possesses or has access to, including any internal or external peripherals. This may require temporary removal of the equipment for a more thorough inspection. The defendant shall not possess or use any data encryption technique or program. According to the defendant's ability to pay, the defendant shall purchase and use such hardware and software systems that monitor the defendant's

Defendant's Initials R. A.A.

computer usage, if directed by the Probation Officer.

(d) The government will recommend that the defendant be required to pay a fine in accordance with the sentencing guidelines, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release;

(e) The government will recommend that the defendant pay a special assessment fee of $5300, said amount due and owing as of the date sentence is pronounced; and,

(f) Should the government learn that the defendant has sexually abused or assaulted any minor (other than the minor victim in this case), or committed any other crime of violence or if any new victim should come forward prior to the defendant's sentencing, this agreement will be considered null and void.

IV. **WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF**

In consideration of the recommended disposition of this case, I, PATRICIA ALLANA AYERS, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution,

Defendant's Initials P.A.A.

and forfeiture orders, the court might impose. Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255.

The defendant reserves the right to contest in an appeal or post-conviction proceeding the following:

  (a) Any sentence imposed in excess of the applicable statutory maximum sentence(s);

  (b) Any sentence imposed in excess of the guideline sentencing range determined by the court at the time sentence is imposed; and

  (c) Ineffective assistance of counsel.

The defendant acknowledges that before giving up these rights, the defendant discussed the Federal Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction. The defendant further acknowledges and understands that the government retains its right to appeal where authorized

Defendant's Initials P.A.A.

by statute.

I, PATRICIA ALLANA AYERS, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

*Patricia Allana Ayers*
PATRICIA ALLANA AYERS

## V. UNITED STATES SENTENCING GUIDELINES

Defendant's counsel has explained to the defendant, that in light of the United States Supreme Court's decision in United States v. Booker, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the court's discretion and is no longer required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI. AGREEMENT NOT BINDING ON COURT

The defendant fully and completely understands and agrees that it is the

Defendant's Initials P.AA

Court's duty to impose sentence upon the defendant and that any sentence recommended by the government is **NOT BINDING UPON THE COURT,** and that the Court is not required to accept the government's recommendation. Further, the defendant understands that if the Court does not accept the government's recommendation, the defendant does not have the right to withdraw the guilty plea.

## VII. <u>VOIDING OF AGREEMENT</u>

The defendant understands that should the defendant move the Court to accept the defendant's plea of guilty in accordance with, or pursuant to, the provisions of <u>North Carolina v. Alford</u>, 400 U.S. 25 (1970), or tender a plea of *nolo contendere* to the charges, this agreement will become NULL and VOID. In that event, the Government will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein.

## VIII. <u>SUBSEQUENT CONDUCT</u>

**The defendant understands that should the defendant violate any condition of pretrial release or violate any federal, state, or local law, or should the defendant say or do something that is inconsistent with acceptance of responsibility, the United States will no longer be bound by its obligation to**

Defendant's Initials P.A.A.

**make the recommendations set forth in paragraph III of the Agreement, but instead, may make any recommendation deemed appropriate by the United States Attorney in her sole discretion.**

## IX. OTHER DISTRICTS AND JURISDICTIONS

The defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## X. COLLECTION OF FINANCIAL OBLIGATION

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The defendant also will promptly submit a completed financial statement to the United States Attorney's Office, in a form that it provides and as it directs. The defendant also agrees that the defendant's financial statement and disclosures will be complete, accurate, and truthful. Finally, the defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant in order

Defendant's Initials _RAA_

to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

## XI. AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION

As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charges and relevant conduct for any other acts. The defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors which may constitute or relate to relevant conduct. Additionally, if this agreement contains any provisions providing for the dismissal of any counts, the defendant agrees to pay any appropriate restitution to each of the separate and proximate victims related to those counts should there be any.

Defendant's Initials P.A.A.

## XII. TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS

Unless otherwise specified herein, the defendant understands and acknowledges that this agreement does not apply to or in any way limit any pending or prospective proceedings related to defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

Defendant recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including her attorney or the district court, can predict to a certainty the effect of her conviction on her immigration status. Defendant nevertheless affirms that she wants to plead guilty regardless of any immigration consequences that her plea may entail, even if the consequence is her automatic removal from the United States.

## XIII. DEFENDANT'S UNDERSTANDING

I have read and understand the provisions of this agreement consisting of

Defendant's Initials P.A.A.

twenty (20) pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here: _____

I understand that this Plea Agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this Agreement and have signed the signature line below to indicate that I have read, understand, and approve all of the provisions of this Agreement, both individually

Defendant's Initials *P.A.A.*

and as a total binding agreement.


6-84-14
DATE

Patricia Allana Ayers
PATRICIA ALLANA AYERS
Defendant


## XIV. COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client in detail and have advised my client of all of my client's rights and all possible defenses. My client has conveyed to me that my client understands this Agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea on the terms and conditions set forth herein.


6-24-14
DATE

MICHAEL TEWALT, ESQ.
Defendant's Counsel


Defendant's Initials P.A.A.

## XV. <u>GOVERNMENT'S ACKNOWLEDGMENT</u>

I have reviewed this matter and this Agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

JOYCE WHITE VANCE
United States Attorney

6-26-2014
DATE

*Mary Stuart Burrell*
MARY STUART BURRELL
Assistant United States Attorney

Defendant's Initials R.A.A.