IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No.: 5:14-cr-117-LSC-SGC |
| ) | |
| PATRICIA ALLANA AYERS ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Patricia Ayers, by and through counsel, submits this Sentencing Memorandum in support of a sentence of 360 months incarceration in counts 1 and 180 months incarceration in all remaining counts to run concurrently with each other but consecutive to count 1. This sentence is "sufficient, but not greater than necessary" to serve the purposes of sentencing set forth at 18 U.S.C. § 3553(a)(2).

The Presentence Investigation Report correctly calculates Mrs. Ayers' Offense Level as 43, Criminal History Category of I, resulting in a guideline range of life. PSR ¶ 255. However, due to the fact that the statutory maximum sentence allowable under the code is a thirty year sentence, the PSR cites to U.S.S.G. §5G1.2(b) and (d) which states "if the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed in one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." PSR ¶ 255. Here, the total punishment required under the guidelines is life and the recommended sentence in the PSR is far greater than necessary to accomplish this goal.

The Court's "overarching" duty is to "'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing." *Kimbrough v United States*, 552 U.S. 85, 101 (2007). Courts are allowed to disagree with the guidelines because "the Guidelines are now

1

advisory . . . , as a general matter, courts may vary [from Guidelines ranges] based solely on policy considerations, including disagreements with the Guidelines." *Kimbrough*, 552 U.S. at 101-02 (internal punctuation omitted) (citing *Rita v. United States*, 551 U.S. 338, 351 (2007) (stating that courts may find the "Guidelines sentence itself fails properly to reflect § 3553(a) considerations").

In *United States v. Dean*, the Eleventh Circuit confirmed the reasonableness of a 30 year statutory maximum sentence wherein the defendant was convicted of sexually abusing his stepdaughter for more than fifteen years and filming the abuse to produce child pornography. 635 F.3d 1200, 1212 (11th Cir. 2011). *See Unites States v. Irey*, 612 F.3d 1160, 1166, (11th Cir. 2010) (where the court vacated a 210 month sentence and remanded with instructions to impose a 360 month sentence on a defendant who raped, sodomized, and sexually tortured more than fifty girls, some as young as four years of age over a four to five year period). *See also United States v. Kapordelis*, 569 F.3d 1291, 1319 (11th Cir. 2009) (wherein the Eleventh Circuit affirmed the reasonableness of a 420 month upward variance sentence for possessing, receiving, and producing child pornography). The facts of the above cited cases are arguably far worse than that of Mrs. Ayers and the sentences imposed in these cases were all sufficient to ensure that the defendants were never released into society again while not being greater than reasonably necessary to accomplish that goal. It is arbitrary, in light of all the facts of this case, that a term of 1,590 years be considered reasonable.

## CONCLUSION

Mrs. Ayers is 34 years old and in poor health. PSR ¶ 227-240. A thirty year sentence in Count 1, followed by a consecutive sentence of fifteen years in Count 3, with all other counts receiving a fifteen year sentence to run concurrently with Count 3, would effectively sentence

Mrs. Ayers to a life sentence and is "sufficient, but not greater than necessary" to serve sentencing purposes under § 3553(a).

Dated this 21st day of October, 2014.

Respectfully submitted,

Kevin L. Butler
Federal Public Defender


/s/Michael Tewalt
MICHAEL TEWALT
Assistant Federal Defender
500 Clinton Avenue, Suite 503
Huntsville, Alabama 35801
(256)684-8700 Telephone
(256)519-5948 Fax
Michael_Tewalt@fd.org


## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record.

/s/ Michael Tewalt
MICHAEL TEWALT
Assistant Federal Public Defender
Northern District of Alabama
200 Clinton Avenue West, Suite 503
Huntsville, Alabama 35801
(256) 684-8700 Office
Michael_Tewalt@fd.org